NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ANTON ANDREYEVICH IAGOUNOV, <br><br> Defendant - Appellant. | No. 25-1052 <br><br> D.C. No. <br> 2:24-cr-00101-DJC-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Court, Presiding

Argued and Submitted March 4, 2026
San Francisco, California

Before: M. SMITH and R. NELSON, Circuit Judges, and MORRIS, Chief District
Judge.**

Defendant-Appellant Anton Andreyevich Iagounov transmitted counterfeit

search warrants and corresponding affidavits to the United States Capitol Police and

several federal district courts in the name of fictitious NASA-OIG Special Agent Joe

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Brian M. Morris, United States Chief District Judge
for the District of Montana, sitting by designation.

O'Neill. He was subsequently convicted by a jury of four counts of impersonating a federal officer in violation of 18 U.S.C. § 912. The district court sentenced Iagounov to 27 months' imprisonment for each count, to be served concurrently, followed by 12 months of supervised release. Iagounov appeals his sentence. Because the parties are familiar with the facts of this case, we do not recount them here except as necessary to provide context for our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "We review the district court's construction of the United States Sentencing Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion." *United States v. Keller*, 142 F.4th 645, 652–53 (9th Cir. 2025) (citation modified); *accord United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). We affirm.

1. The district court did not abuse its discretion in imposing a six-level enhancement for impersonation for the purpose of conducting an unlawful search pursuant to United States Sentencing Guideline (U.S.S.G.) § 2J1.4(b)(1). That Iagounov did not succeed in executing any of his counterfeit warrants due to the bizarre allegations contained therein does not negate any potential purpose he may have had. The district court considered evidence and heard testimony establishing that Iagounov's efforts to create seemingly legitimate warrants—and to transmit them using fictitious email chains with the contact information of actual federal agents—were extensive. On the record before it, the district court did not abuse its

discretion in concluding that Iagounov intended to obtain judicial signatures on the warrant applications and accordingly inferring that he had the purpose of conducting an unlawful search.

2. The district court also did not plainly err by imposing a two-level upward enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. A defendant qualifies for this enhancement if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the . . . sentencing of the instant offense of conviction" and if "the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." U.S.S.G. § 3C1.1. Because Iagounov did not object to this upward adjustment at sentencing, we review for plain error. Fed. R. Crim. P. 52(b). "Plain error is found where there is (1) error, (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Greene*, 137 F.4th 1056, 1062 (9th Cir. 2025) (internal quotation omitted). Iagounov does not establish error, and even if he had, any error was not plain.

The commentary to U.S.S.G. § 3C1.1 explains that "[o]bstructive conduct can vary widely in nature, degree of planning, and seriousness." U.S.S.G. § 3C1.1, cmt. n.3 (Nov. 1, 2024); *see also United States v. Draper*, 996 F.2d 982, 984 (9th Cir. 1993). The commentary offers some non-exhaustive examples of conduct explicitly

3                                                                    25-1052

covered by the Guideline, including "escaping or attempting to escape from custody before trial or sentencing." *Id.* § 3C1.1, cmt. n.4(a)(E). We conclude that the district court did not err in applying the obstruction enhancement for Iagounov's conduct in post-conviction custody, where he contacted a federal intelligence agency by phone and mailed a letter containing criminal allegations aimed at specific, named federal prosecutors to a federal district court. This court has explained that "[f]or the purposes of [the § 3C1.1] enhancement, it is irrelevant whether the defendant succeeds in actually obstructing anything." *United States v. Takahashi*, 205 F.3d 1161, 1168 (9th Cir. 2000). Indeed, conduct that merely has potential to obstruct his sentencing is sufficient. *Id.*; *see also Draper*, 996 F.2d at 986. That the substance of Iagounov's phone call was implausible, and the letter's allegations false, does not disqualify him from § 3C1.1. *See, e.g.*, *United States v. Barbosa*, 906 F.2d 1366, 1370 (9th Cir. 1990). On this record, the district court did not err in concluding that the two-level enhancement was warranted. *See* U.S.S.G. § 3C1.1.

3. Finally, Iagounov challenges the substantive reasonableness of the district court's decision to impose an upward variance of 11 months on his sentence. "A substantively reasonable sentence is one that is sufficient, but not greater than necessary to accomplish [18 U.S.C.] § 3553(a)(2)'s sentencing goals." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (citation modified). District courts must consider the sentencing factors in 18 U.S.C. § 3553(a), including, among other

things, "the nature and circumstances of the offense and the history and characteristics of the defendant,"; the "need for the sentence imposed . . . to reflect the seriousness of the offense" or "to afford adequate deterrence to criminal conduct"; and the "kinds of sentences available." 18 U.S.C. § 3553(a). But "[t]he weight to be given the various factors in a particular case is for the discretion of the district court." *United States v. Gutierrez-Sanchez,* 587 F.3d 904, 908 (9th Cir. 2009). In reviewing the substantive reasonableness of a district court's sentence, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Thompson*, 130 F.4th 1158, 1164 (9th Cir. 2025) (citing *Ressam*, 679 F.3d at 1089). "[W]e may reverse if, upon reviewing the record, we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant [sentencing] factors." *Id.* at 1165 (alterations in original) (quoting *Ressam*, 679 F.3d at 1087). Absent clear error, district courts have "great latitude both in choosing a sentence and in articulating reasons for the sentence." *United States v. Burgos-Ortega*, 777 F.3d 1047, 1057 (9th Cir. 2015).

We do not discern a clear error of judgment here. Iagounov himself concedes that the district court considered the § 3353(a) factors. In addition, the district court had before it ample evidence of Iagounov's conduct targeting law enforcement and federal prosecutors while in custody for the instant offense. The district court

accordingly concluded that Iagounov lacked contrition and that the period he had spent incarcerated up until the time of his sentencing hearing had not "made an impact." Taking all that into account, and having "considered the sentencing guideline range," the district court determined that "the sentence would be imposed regardless of the calculations of that guideline range." The "totality of circumstances" leads us to conclude that the district court imposed a substantively reasonable sentence. *Thompson*, 130 F.4th at 1165 (internal quotation omitted).

**AFFIRMED.**[1]

---

[1] Appellant's pending motion for appointment of counsel (Dkt. No. 33) and motion to directly appeal his conviction and the district court's denial of his motion pursuant to Fed. R. Crim. P. 29 (Dkt. No. 35) are denied.